# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-1954-MSK-KMT

NICK MOLINA, an individual,

       Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware limited liability company,

       Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

October 30, 2018, at 10:30 a.m.

| | |
|---|---|
| Daniel J. Vedra | Sammantha Tillotson |
| Katherine Russell | Baker & Hostetler LLP |
| Vedra Law LLC | 1801 California St., Suite 4400 |
| 1435 Larimer Street, Suite 302 | Denver, Colorado 80202 |
| Denver, Colorado 80202 | 303-861-0600 |
| 303-937-6540 | stillotson@bakerlaw.com |
| dan@vedralaw.com | **Attorney for Defendant** |
| kate@vedralaw.com | |
| **Attorneys for Plaintiff** | |

### 2. STATEMENT OF JURISDICTION

Plaintiff: This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 2310(d)(1)(B) in that this is an action under the MMWA and the amount in controversy

exceeds $50,000.00. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these state law claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Defendant: Ford Motor Company ("Ford") denies that it has failed to honor its warranty based on Plaintiff's allegations and denies that Plaintiff has suffered or is entitled to any amount of damages. Ford does not waive any right to challenge jurisdiction as allowed by the Federal Rules of Civil Procedure.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: This is an action to enforce the Magnusson Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("**MMWA**"), and the Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-1-101 et seq. ("**UCC**"). On or around June 26, 2017, Nick Molina ("**Plaintiff**") purchased and took possession of a new Ford F-150 SuperCrew 4WD Platinum (the "**Vehicle**"). In or around November of 2017, Plaintiff began to notice persistent issues with the Vehicle. The Vehicle has not functioned properly since that time.

Ford has refused to conform the Vehicle to the warranty. Ford has further refused to refund to Plaintiff the full purchase price or replace the Vehicle as required by the MMWA and the UCC.

b. Defendant: Ford generally denies Plaintiff's allegations. Plaintiff asserts claims for breach of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et seq., declaratory action, and breach of express warranties and the implied warranty of merchantability under Colorado law, C.R.S. § 4-2-101 et seq. Ford denies the allegations in support of these three claims. Ford admits to extending to Plaintiff a New Vehicle Limited Warranty but that

this warranty states only that its authorized dealers will repair, replace or adjust various parts and components that are defective in factory-supplied materials and workmanship for 36 months or 36,000 miles, whichever occurs first. Ford denies that it has failed to honor its warranty based on Plaintiff's allegations.

## 4. UNDISPUTED FACTS

1. Ford manufactured and sold the Vehicle to Overseas Military Sales Corporation ("OMSC") on or about May 28, 2017.

2. OMSC's U.S. information office is located in Woodbury, New York.

3. On June 2, 2017, Ford shipped the Vehicle to Phil Long Ford Lincoln at 1212 Motor City Dr., Colorado Springs, Colorado ("Phil Long").

4. Prior to this date, Plaintiff had purchased the Vehicle from OMSC.

5. On January 8, 2018, Plaintiff notified Phil Long that he was experiencing mechanical issues with the Vehicle and delivered it to Phil Long for repairs.

6. Repair work was subsequently made to the Vehicle under the Warranty through the Service Manager at Phil Long Ford.

7. On March 7, 2018, Plaintiff notified Phil Long that he was experiencing mechanical issues with Vehicle and delivered it to Phil Long for repairs.

8. By letter dated April 19, 2018, Plaintiff requested Ford buy back the Vehicle.

9. On August 29, 2018, Ford denied Plaintiffs' request, stating that the Vehicle did not appear to meet the requirements for a repurchase/replacement under Colorado or New York law.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff seeks actual damages against Ford as follows:

- Economic losses in the amount of at least $65,959.00 for the purchase price of the Vehicle;

- Trebled damages in the amount of $197,877.00 for Ford's willful failure to conform the Vehicle to its warranted condition;
- Non-economic losses in an amount to be determined by a jury; and
- Reasonable attorney fees and costs.

Plaintiff seeks a declaratory judgment that Ford's procedures do not comply with the provisions of the MMWA and Plaintiff is entitled to proceed to litigation.

Defendant: Ford denies that it has failed to honor its warranty based on Plaintiff's allegations and denies that Plaintiff has suffered or is entitled to any amount of damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) Meeting: September 27, 2018.

b.  Names of each participant and party he/she represented.

| | |
|---|---|
| Daniel J. Vedra | Sammantha Tillotson |
| Katherine Russell | Baker & Hostetler LLP |
| Vedra Law LLC | 1801 California St., Suite 4400 |
| 1435 Larimer Street, Suite 302 | Denver, Colorado 80202 |
| Denver, Colorado 80202 | 303-861-0600 |
| 303-937-6540 | stillotson@bakerlaw.com |
| dan@vedralaw.com | **Attorney for Defendant** |
| kate@vedralaw.com | |
| **Attorneys for Plaintiff** | |

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

All parties served their Rule 26(a)(1) Disclosures on October 22, 2018.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties exchanged Rule 26(a)(1) Disclosures on October 22, 2018.

e.  Statement concerning any agreements to conduct informal discovery:

None.

    f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree that they will bates label their document production to prevent confusion as to which party made the productions.  Plaintiff agrees to use the following convention:  MOL000001.  Ford agrees to use the following convention: FORD0001.

    g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Ford maintains an electronic system called FMC360.  Ford uses this system to store claim notes and track information generally.  The parties agree that most, if not all discovery will involve information or records maintained in electronic form.

    h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff and Ford have discussed a mutual desire to explore early settlement possibilities.  During the preconference call, Plaintiff's counsel stated that she would tender a written settlement demand to Ford at her earliest convenience.  Counsel for Ford indicated that she was in the process of reviewing the claims and would have a better idea of the possibility of settlement once she has completed her review.

## 7. CONSENT

The parties **do not** consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

    b.      Limitations which any party proposes on the length of depositions.

None.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

None.

    d.    Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: Ninety Days from scheduling conference.

    b.    Discovery Cut-off: May 1, 2019.

    c.    Dispositive Motion Deadline: July 1, 2019.

    d.    Expert Witness Disclosure: March 1, 2019.

Plaintiff anticipates designating one retained expert witness for the condition of the Vehicle.

Defendant anticipates calling one expert to testify concerning the utility of and market value of the vehicle.

    e.    Identification of Persons to Be Deposed:
- A Rule 30(b)(6) representative of Ford.
- Plaintiff.
- Experts designated and disclosed by the parties.

    f.    Deadline for Interrogatories:

Forty-five days prior to the discovery deadline.

    g.    Deadline for Requests for Production of Documents and/or Admissions.

Forty-five days prior to the discovery deadline.

### 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

    b.    A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of _____, 2018.

                BY THE COURT:

                _____
                United States Magistrate Judge
                Kathleen M. Tafoya

APPROVED:

/s/ *Daniel J. Vedra*
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer Street, Suite 302

00036978. 1
4845-0392-1785.100036301. 3
4824-8170-1241.1

8

Denver, Colorado 80202
303-937-6540
dan@vedralaw.com
kate@vedralaw.com
**Attorneys for Plaintiffs**

*/s/ Sammantha Tillotson*
Casie Collignon
Sammantha Tillotson
Baker & Hostetler LLP
1801 California St., Suite 4400
Denver, Colorado 80202
303-861-0600
ccollignon@bakerlaw.com
stillotson@bakerlaw.com
**Attorneys for Defendant**

00036978. 1
4845-0392-1785.100036301. 3
4824-8170-1241.1

9