**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 18-cv-01954-MSK-KMT

**NICK MOLINA,**

    Plaintiff,

v.

**FORD MOTOR COMPANY, a Delaware Corporation,**

    Defendant.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR FEES AND COSTS**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Molina's Motion for Attorney Fees and Costs **(# 61)**, the Defendant's ("Ford") response **(# 64)**, and Mr. Molina's reply **(# 65, 66)**. Also pending is Mr. Molina's unopposed Motion to Restrict Access **(# 67)** to certain exhibits to his reply brief.

The operative facts of this action are straightforward. Mr. Molina sued Ford under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, alleging that a vehicle he purchased from Ford was defective and that Ford's repeated failures to remedy those defects operated as a breach of the vehicle's warranty. Mr. Molina also asserted state-law claims for breach of warranty under Colorado's Uniform Commercial Code.

On February 28, 2020, the Court granted partial summary judgment to Mr. Molina on that state-law claim, finding that Ford had breached its express warranty. (The Court also granted Ford's motion for partial summary judgment, finding that Mr. Molina could not seek treble damages pursuant to C.R.S. § 44-20-124.) Because the amount of Mr. Molina's loss

1

remained undetermined, the Court instructed the parties to confer and potentially brief the question of whether a trial on damages was necessary. In June 2020, the parties notified **(# 54)** the Court that they had settled Mr. Molina's claim, reserving the issue of attorney fees and costs for future briefing. Although the parties discussed the issues pertaining to fees and costs for several more months, they were unable to reach an agreement.

Mr. Molina now moves **(# 61)** for an award of $17,718.75 in attorney fees and $1,214.11 in costs pursuant to 15 U.S.C. § 2310(d)(2). Ford does not challenge Mr. Molina's entitlement to fees, but argues that the amount Mr. Molina requests is unreasonable because Mr. Molina refused of early settlement offers by Ford, and because Mr. Molina's counsel's "sparse billing records" warrant a reduction in the amount claimed.

The Court need not extensively review the standards governing the calculation of a reasonable attorney fee. It is sufficient to observe that the Court follows the familiar "lodestar" analysis, multiplying the reasonable number of hours expended by a reasonable hourly rate, and then adjusts the figure upwards or downwards to reflect exceptional circumstances. *See Perdue v. Kenny A.*, 559 U.S. 542, 552-53 (2010).

Here, Ford does not challenge the hourly rates claimed by Mr. Molina's counsel (those rates being $175 and $225), and in the absence of any challenge, the Court finds those rates to be reasonable. Ford <u>does</u> challenge the number of hours expended by Mr. Molina's counsel, in three respects, which the Court addresses in turn.

First, Ford argues that the hours claimed by Mr. Vedra, Mr. Molina's lead counsel, should be reduced from 60.2 to 10.1 because Mr. Molina rejected a settlement offer from Ford in November 2018, four months after filing the Complaint in this action. Ford contends that it

2

offered[1] a full refund of Mr. Molina's purchase price for the vehicle, but that Mr. Molina refused that offer and continued to litigate the case in an attempt to collect treble damages, only to be rebuffed on that point by the Court's grant of partial summary judgment in favor of Ford on that issue. Ford argues that in Mr. Molina's eventual settlement of this case in June 2020 he did no better "than he could have if he accepted the November [2018] offer." Thus, Ford argues, attorneys fees and costs incurred after November 2018 should be excluded from the lodestar calculation as unreasonable.

The Court rejects Ford's argument for several reasons. First, the Court agrees with Mr. Molina that 10th Circuit precedent discourages adjustments to fee awards based on the party's rejection of informal settlement offers. In *Cooper v. State of Utah*, 894 F.2d 1169, 1172 (10th Cir. 1990), the court, albeit in *dicta*, suggested that the trial court's "downward adjustment of fees based on settlement negotiations [was] not well-founded." The court explained that Fed. R. Civ. P. 68 "provides a practical tool by which parties may protect against costs," but that the defendant in that case had not availed itself of the Rule 68 process. *Id.* Although this Court disagrees with Mr. Molina that *Cooper* is "binding 10th Circuit precedent", the case does stand for the proposition that a reduction of subsequently-incurred costs and fees based on a party's rejection of an informal (*i.e.* non-Rule 68) settlement offer is a practice that is, at the very least, discouraged. Here, Ford's November 2018 settlement offer was not made pursuant to Fed. R. Civ. P. 68. It was not filed with the court, nor did it propose that the terms of such a settlement be reduced to a judgment entered against Ford. Thus, *Cooper* discourages the reduction in fees sought by Ford based on Mr. Molina's rejection of the settlement offer.

---

[1] Ford's offer was not made pursuant to Fed. R. Civ. P. 68.

3

The Court also rejects Ford's factual predicates for its argument – that Mr. Molina continued litigating after November 2018 primarily for the purpose of obtaining treble damages that were ultimately found to be legally-unavailable to him and that the settlement Mr. Molina ultimately accepted in June 2020 was "no better than" the offer Ford had made in November 2018. Neither assertion finds support in the record.

First, although the record does contain Ford's e-mailed November 2018 settlement offer – a full refund of the cost of the vehicle, including loan payments, subject to a $0.10 per mile offset and $2,500 in attorney fees – it does not reflect Mr. Molina's response to that offer, much less establish that Mr. Molina rejected the offer with an intention to collect treble damages. Thus, the Court cannot necessarily assume that Mr. Molina's refusal to settle in November 2018 was simply the result of a mistaken belief regarding the availability of treble damages.

Second, the Court rejects Ford's suggestion that the amount of the June 2020 settlement is "no better than" Ford's November 2018 offer. The June 2020 settlement was more favorable to Mr. Molina than the November 2018 offer in several respects: (i) it apparently eliminated the mileage offset; (ii) it reimbursed Mr. Molina for taxes and registration fees; (ii) it reimbursed Mr. Molina for storage costs for the vehicle; and (iv) it reimbursed Mr. Molina for insurance costs he incurred on the vehicle. All tolled, the June 2020 settlement gave Mr. Molina more than $15,000 in payments that were not included in Ford's November 2018 offer. Thus, even if the Court could reduce a fee award based on a party's rejection of a settlement offer, it would not do so on the facts here.

Ford's second argument is that the Court should reduce all of Mr. Molina's claimed fees by 25% "due to the lack of specificity in counsel's time entries." Ford's cited examples are: (i) one instance of Ms. Russel billing time with the descriptive entry "Editing the draft complaint

with [Mr. Vedra]" for .5 hours; and (ii) one instance of Mr. Vedra billing time with the descriptive entry "Revisions to complaint" for 1.2 hours.  The Court cannot say that these two examples suffice to warrant a wholesale reduction of the claimed fees for the entire litigation.  Indeed, the Court finds that, generally, Mr. Molina's counsel's billing entries are sufficiently descriptive to permit a reasonable understanding of what tasks were being performed.  Thus, the Court rejects Ford's request for an across-the-board reduction in the claimed fees.

However, the Court does agree with Ford that, as a specific matter, the amount of time claimed by Mr. Molina for the drafting of the Complaint is excessive.  Ms. Russell bills a total of 18.3 hours for preparing the Complaint, and Mr. Vedra bills an additional 4.2 hours for reviewing that Complaint and drafting certain portions of it.  The 10-page Complaint **(# 1)** that was filed is neither factually- nor legally-complex, and the Court finds that the expenditure of more than 22 hours of attorney time to produce that document was excessive.[2]  To eliminate the excess, the Court reduces the time claimed by Ms. Russell by 5 hours and the amount claimed by Mr. Vedra (whose tasks were primarily related to reviewing the draft complaint and drafting statements of fact) by 1.5 hours.  The total value of the excluded time at the respective attorney's rates is $1,212.50, and the Court reduces Mr. Molina's claim for fees by that amount, yielding a fee award of $16,506.25.

---

[2]  In particular, the Court notes a June 27, 2018 entry for Ms. Russell that bills 4.4 hours for "Restructuring state complaint in to Federal complaint; adding a claim for willfulness."  The Court cannot say that the typical formats of state and federal complaints differ dramatically, and notes that the word "willful" appears a single time in the filed Complaint.  The Court also notes Ms. Russell's July 2, 2018 entry for 3.9 hours for "Final edits to complaint.  Adding a claim for declaratory action and removing the state lemon law claim."  It is not clear how much of counsel's time billed to that date involved research and drafting of the abandoned lemon law claim.

5

Ford has not challenged the reasonableness of any cost claimed by Mr. Molina, but instead challenges the award of any costs incurred by Mr. Molina after rejection of the November 2018 settlement offer. For the reasons stated above, the Court denies that challenge and, in the absence of any other objection, awards Mr. Molina the $1,214.11 he requests in costs.

Finally, the Court turns to Mr. Molina's Motion for Leave to Restrict **(# 67)**. That motion seeks to restrict public access to an exhibit to Mr. Molina's reply brief that discloses the precise terms of the parties' settlement, on the grounds that the parties agreed among themselves to keep those terms confidential. The mere fact that the parties have agreed to keep the settlement terms confidential does not suffice to demonstrate a substantial privacy interest justifying restriction under D.C. Colo. L. Civ. R. 7.2(c)(2). Moreover, because the issue of the similarity between the original and final settlement offers was put in issue in this dispute – and indeed, the Court has recited the terms of the final settlement in some detail as part of its analysis – the Court finds that the substantial public interest in access to the exhibit attached to Mr. Molina's reply brief overcomes the minimal privacy interest the parties have identified. Accordingly, the Court denies Mr. Molina's motion.

For the foregoing reasons, Mr. Molina's Motion for Attorney Fees and Costs **(# 61)** is **GRANTED IN PART AND DENIED IN PART**, and Mr. Molina is awarded $16,506.25 in attorney fees and $1,214.11 in costs pursuant to 15 U.S.C. § 2310(d)(2). Ford shall remit those sums to Mr. Molina, through counsel, within 30 days of this Order, barring which Mr. Molina may move to have that sum reduced to a judgment against Ford. Mr. Molina's Motion to Restrict **(# 67)** is **DENIED** and the Clerk of the Court shall lift the provisional restriction on

Docket #65.  There being no further issues before the Court, the Clerk of the Court shall thereafter close this case.

     Dated this 16th day of February, 2021.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge